## PHILLIPS *v.* GERMANIA MILLS.

*N. Y. Supreme Court, First Department. General Term;*
*February,* 1887. *Again, May,* 1887.

1. *Inspection of books of foreign corporation.*] An order for the examination of a resident officer of a foreign corporation defendant, and for the production of its books from another state for plaintiff's inspection, and to enable him to frame his complaint, is properly vacated if it be shown that before the motion was made defendant offered to allow inspection of its books at its home office.

2. *The same; stipulation.*] But where after the order is vacated the defendant refuses to allow such inspection, an order thereupon made for its officer's examination should not be vacated upon its stipulating to allow the books to be examined at its home office.*

---

\* The order, though spoken of by the court as an order for inspection, was not such, and the witness could not have been compelled to make discovery and allow copies to be taken (Boorman *v.* Atl. & P. Ry. Co , 78 *N. Y.* 599); but only to submit to such examination upon the books

3. *The same; terms of order.*] The Code does not require an order for the examination of an officer of a defendant corporation before trial to direct his examination as an officer, but merely to state the name of the officer to be examined.

I. *February*, 1887.

Appeal from an order vacating an order for the examination of Hermann Stursberg, and requiring him to produce certain books of the defendant for inspection.

This action was brought by Fleming S. Philips against the Germania Mills, a Massachusetts corporation, having its place of business at Holyoke, in that state, to recover damages for breach of a written contract between the parties, by which plaintiff was to receive as compensation for services a percentage of the profits of the company's business.

The affidavits upon which the order for examination was made set forth that said Stursberg was a director and the treasurer of the company, having a place of business in New York city, where the company also had a place of business; that the summons had been served but not the complaint; that defendant had never rendered to the plaintiff any account of the profits of its business during his term of employment under the contract, and that the desired examination was material and necessary to the plaintiff and to the prosecution of his case, in order that his attorneys might

as a witness at the trial testifying under *subpœna duces tecum.* See also Levey *v.* N. Y. Central, &c. R. R. Co., 53 *Super. Ct.* (*J. & S.*) 263.

The provision of the statute as enacted in 1880 is as follows: "And if the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers." *Code Civ. Pro.* § 872, subd. 7.

properly frame his complaint, and because, without a knowledge of the profits, he could not insert therein the proper allegations as to the amount of damages to be claimed.

Upon motion this order was vacated, and against specific objection it was vacated both as to the officer's examination and as to the production of the company's books, the affidavits alleging that the books were kept in Massachussetts, and were in daily use there, and that Stursberg had offered, before and after suit brought, to allow the plaintiff or any accountant to examine the company's books at the office of the company in that State.

From the order granting this motion and vacating the previous order, the plaintiff appealed.

*W. J. Curtis* (*Sullivan & Cromwell*, attorneys), for the plaintiff, appellant

*Joseph A. Shoudy* (*Jas. K. Hill, Wing & Shoudy*, attorneys), for the defendant, respondent.

PER CURIAM.—It would have been a doubtful exercise of power on the part of the court to make an order requiring a foreign corporation to bring its books from its principal office in a sister State to the State of New York for the inspection asked for in this case, especially after it had offered to allow the inspection of its books at its office in the foreign State, if the plaintiff desired to make such inspection.

The order should be affirmed, with $10 costs and disbursements.

II. *May,* 1887.

After the affirmance, by the General Term, the defendant's attorney refused, upon request, to allow an examination of the company's books at Holyoke by an accountant on the plaintiff's behalf. Whereupon, plaintiff obtained an order " that Hermann Stursberg do appear . . . for

the purpose of being examined, pursuant to the provisions of the Code of Civil Procedure in such cases made and provided."

Upon motion to vacate this order, an order was made granting the motion, " provided the defendant stipulates to allow an examination of the defendant's books, referred to in the moving affidavits, by the plaintiff, at Holyoke, Massachusetts, and serves such written stipulation on the plaintiff's attorneys within five days after the service of a copy of this order ; otherwise the said motion to vacate is denied, with $10 costs.

From this order the plaintiff appealed.

*Larned & Curtis,* for the plaintiff, appellant.

*Joseph A. Shoudy (Jas. K. Hill, Wing & Shoudy,* attorneys), for the defendant, respondent.

VAN BRUNT, P. J.—The vacation of the previous order for the examination of Mr. Stursberg and for the production of the defendant's books was expressly affirmed upon the ground that it would have been a doubtful exercise of power upon the part of the court to make an order requiring a foreign corporation to bring its books from its principal office in a sister State to the State of New York for the inspection asked for in this case, especially after it had offered to allow the inspection of its books in the foreign State, if the plaintiff desired to make such inspection.

Immediately after that decision the plaintiff asked leave to make the inspection which had been offered, and which offer had been the ground upon which the previous decision of the general term proceeded, which leave was refused. He was then compelled to apply for the examination of one of the officers of the defendant, in order that he might learn facts about the profits upon which his compensation depended of which he was ignorant, and knowledge of which rested with the offi-

cers of the defendant; and after this order for examination was granted, in view of the previous history of the case, it was too late to renew the offer to examine the books.

By a refusal, unjustified under the circumstances of this case, the plaintiff was put to the trouble of his motion, and the defendant should not then be allowed to escape from such examination by agreeing to do that which it never should have refused.

The objection that Mr. Stursberg is not directed to be examined as an officer of the defendant is not well taken. The affidavits show that his examination is sought as an officer of the defendant, and the section of the Code simply requires the order to state the name of the officer whose examination is desired.

The order appealed from should be reversed, with $10 costs and disbursements.